UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 08-093 (RJL) |
| v. : | |
| : | |
| JOHN STAGLIANO : | |
| JOHN STAGLIANO, INC. : | |
| EVIL ANGEL PRODUCTIONS, INC. : | |
| Defendants. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL
MOTION TO STRIKE GOVERNMENT'S EXHIBIT 9**

Defendants have moved to strike Government's Exhibit 9, the disk containing the download of the capture of portions of the defendants' Evil Angel website and the trailer for the movie, Fetish Fanatic Chapter 5. The government opposes this motion on grounds that defendants have failed to comply with Fed. R. Crim. P. 12(b)(3)(C) which states that a motion to suppress evidence must be raised before trial.

The government asserts that defendants have waived their right to challenge admission of Government's Exhibit 9. Defendants were provided a copy of this evidence in discovery more than two years ago. During the trial on July 14, 2010, defense counsel asserted that they had never viewed the exhibit and that they had hoped that the exhibit would not function properly at trial. Defense counsel initially informed the government in 2008 that they were unable to access the contents of the evidence and the government responded with certain types of programs that would open the disk. After that, the government heard nothing more – until more than two years later during trial. Defendants failed to file any motions during this period challenging admission of the evidence.

It is fundamentally unfair to the government for the defendants to raise a substantive issue regarding the integrity of the government's evidence when they have had more than two years to do so, and the motions deadline has long since passed.  It was improper to have made the leap in court yesterday from discussing how to deal with a technical glitch in presenting the evidence to going back to "square one" and attacking the integrity of the evidence, especially after it had already been admitted into evidence.  If there was an issue with the reliability of the government's evidence, the proper method to address such an issue would have been for the defendants to have filed a motion.  Defense counsel expressed in court yesterday that they made a tactical decision not to do so and as such they waived any right to challenge such evidence in trial on its merit.  Had they filed a proper motion under Fed. R. Crim. P. 12(b)(3)(C), the government would have been afforded the opportunity to bring in an expert to defend the integrity of its evidence.  Instead, the government was left with defense counsel, for example, tapping on his watch to count time as to where the so-called "glitches" occurred in government's Exhibits 9 and 9a (the copy of Exhibit 9), as opposed to allowing the government to call an expert who could have, perhaps, looked at the hash marks in each disk to verify the content was the same.  It is further unfair that because defense counsel possessed more computer knowledge than the other attorneys in court, his assertion became fact, unable to be refuted by the government.  If the piece of evidence in question would have been, for example, DNA evidence, it is highly unlikely that an attorney for the defense would have been able to stand up in the middle of trial and ask that the piece of evidence be suppressed if that attorney had never filed a motion to suppress.  It would also be highly unlikely that in the DNA example, the defense would have been able to present, for

example, their own personal knowledge of biological evidence as fact. Likewise, in the instant case, any challenges to the integrity of this evidence should have raised by the date of the motions deadline, the government should have been afforded the opportunity to properly defend its evidence, and nothing stated by attorneys in court regarding the integrity of this evidence should be accepted as fact. Wherefore, since the defendants have not complied with filing a proper motion under Fed. R. Crim. P. 12 (b)(3)(C), government's Exhibit 9 should remain in evidence.

WHEREFORE, the government respectfully requests the Court deny defendants' motion.

DATED this 15th day of July, 2010.

Respectfully submitted,

_____/s/_____
Pamela Satterfield
Bonnie Hannan
Trial Attorneys
U.S. Department of Justice
1301 New York Ave., NW,
Suite 500
Washington, DC 20530
Phone: (202) 353-2485
Fax: (202) 307-2217

**CERTIFICATE OF SERVICE**

I, Pamela Satterfield, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Government's Supplemental Opposition to Defendants' Motion was filed on July 15, 2010, by CM/ECF which will send electronic copies to counsel for the defendants, Robert Corn-Revere, Esquire, Davis Wright Tremaine, LLP, 1919 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C.

20006; H. Louis Sirkin, Esquire, and Jennifer Kinsley, Esquire, Sirkin, Kinsley & Nazzarine, 810 Sycamore Street, Second Floor, Cincinnati, OH 45202; Paul Cambria, Jr., Esquire, and Roger Wilcox, Esquire, Lipsitz Green Scime Cambria, LLP, 42 Delaware Avenue, Suite 120, Buffalo, NY 14202; and Allan Gelbard, Esquire, 15760 Ventura Boulevard, Suite 801, Encino, CA 91436.

                                                /s/
                                     Pamela S. Satterfield