UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:08-CR-00093-RJL |
| v. | : | |
| JOHN STAGLIANO, et al. | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY TO THE
GOVERNMENT'S OPPOSITION TO THE MOTION
TO STRIKE GOVERNMENT EXHIBIT 9**

Defendants hereby reply to the Government's Opposition to the Motion to Strike Government Exhibit 9. The Government's Opposition was filed after close of business yesterday, and after the Court already had heard argument from both sides on the motion. The Government's post-hearing submission adds nothing to its argument.

The Government's claim that Exhibit 9 satisfies the requirements of Fed. R. Evid. R. 901, and that the admitted flaws in the exhibit only go to weight, and not admissibility, are wrong. Rule 901(a) plainly states that the requirement of authentication or identification is "a condition precedent to admissibility" and that the proponent of an exhibit must provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. R. 901(a). Here, the

Government's inability to satisfy its burden is compounded by Agent Bradley's frank and honest admission in the July 14, 2010 hearing that it would be "impossible" to recall all of the exhibit's content, as well as by the Government's description of the computer program on which it relied as "extremely sensitive" and glitchy.

The government's use of a computer program to record Agent Bradley's web browsing excursion on January 21, 2008 and to create Exhibit 9 further complicates its burden of proof.  Rule 901(b)(9) helps illustrate what is sufficient authentication for computer evidence, and  requires "evidence showing that the process or system produces an accurate result."  However, as explained at the hearing, the "sensitive" program the government chose two use is flawed both in its recording of the web browsing session and it its playback.  Its output, both for the original computer file proffered by the Government and for the copy, tends to freeze up, lose audio, and drop portions of the video.  If this Exhibit were to be provided to the jurors during deliberation, there is no way to predict what they would see, since the flaws have cropped up randomly. The only constant in the Government's repeated attempts to get its program to work properly is that each attempted playback has contained numerous flaws.

Because of persuasive power of demonstrative evidence, courts are obligated to make a thorough foundational inquiry into its reliability before admitting it, given the

potential it may mislead, confuse, divert or otherwise prejudice purposes of trial if not reliable. *Taylor v. U.S.*, 759 A.2d 604 (D.C. 2000). In this case, both Ms. Satterfield and Agent Bradley acknowledged in court that neither had the expertise to evaluate the reliability of the computer program the government selected to create and present Exhibit 9. Under such circumstances, the exhibit must be struck. *See*, *e.g.*, *United States v. Le*, 272 F.3d 530, 531-532 (8th Cir. 2001) (federal agent could not validate lab reports where "he was not trained or qualified as a chemist").

The Government's attempt to characterize the flaws in Exhibit 9 as minor, and to flippantly dismiss the "sensitivity" of the computer program it chose for the presentation of evidence by saying simply "it is what it is" hardly suffices to meet its burden. In *Le*, for example, the court rejected the government's attempt to admit tape recordings "of painfully low quality" into evidence. In doing so, it stressed that "[i]t is the government's duty in a criminal case to offer competent evidence in support thereof. This means the government is also obligated to obtain and use recording means sufficient to the task. *The fact that the evidence is in electronic form does not mitigate or diminish the government's duty to offer admissible evidence.*" *Id*. at 532 (emphasis added). It simply does not suffice for Ms. Satterfield to assert that the accuracy and reliability of Exhibit 9 is close enough for government work.

The government's burden to provide foundational support for Exhibit 9 is particularly pressing in this case, since it is the only evidence to support Count VII of the indictment. Where the Government attempts to push the boundaries of the law, and to bootstrap a charge as an attempted end-run around the recently invalidated Child Online Protection Act, *see ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 1032 (2009), it is not too much to ask that they provide reliable evidence in support of its allegations. As this Court pointed out, a man's freedom may well be at stake, based on a criminal charge that implicates his rights under the First Amendment. The government has had over two years to investigate its allegations and to produce exhibits in support of its charge. Its failure to fulfill its obligations should not be excused, and its Exhibit 9 should be stricken.

        Respectfully submitted,

          /s/ Robert Corn-Revere
        Robert Corn-Revere (D.C. Bar No. 375415)
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, NW, Suite 800
        Washington, DC 20006
        Telephone: (202) 973-4200
        FAX: (202) 973-4499

        Local Counsel for Defendants

        Paul J. Cambria, Jr.
        Lipsitz Green Scime Cambria LLP
        42 Delaware Avenue

Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Counsel for John Stagliano

H. Louis Sirkin (Ohio Bar No. 0024573)
Sirkin Kinsley & Nazzarine
810 Sycamore Street, Second FloorCincinnati, OH45202-2776

Telephone: (513) 721-4876
FAX: (513) 721-0876

Counsel for Defendant John Stagliano, Inc.


Allan B. Gelbard, Esq.  (CA Bar # 184971)
Law Offices of Allan B. Gelbard
15760 Ventura Blvd., Suite 801
Encino, CA 91436
Telephone: (818)386-9200
Telecopier: (818)386-9289

Counsel for Evil Angel Productions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing notification system upon Pamela Satterfield, U.S. Department of Justice, on the 15th day of July 2010.

        /s/ Robert Corn-Revere
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-3402
Telephone: (202) 973-4200
Telecopier: (202) 973-4499

Counsel for Defendants